**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: THOMAS GARTH NAUMAN; KIMLEY MERETE NAUMAN, Debtors, | No. 11-15466 D.C. No. 1:10-cv-00414-JMS-KSC |
| THOMAS GARTH NAUMAN; et al., Appellants, v. RONALD K. KOTOSHIRODO, Chapter 7 Bankruptcy Trustee, Trustee - Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted December 19, 2012**

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtors Thomas Garth Nauman and Kimley Merete Nauman ("debtors"), and Thomas's parents, Alfred Garth Nauman and Evelyn Frances Nauman, appeal pro se from the district court's order affirming the bankruptcy court's summary judgment determining that they are liable to the bankruptcy trustee for amounts transferred both before and after the debtors filed for bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision, without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court properly granted summary judgment as to the trustee's claim regarding the transfer of real property in Washington state because the court found that, within two years before filing for bankruptcy, the debtors transferred this property to the parents with the intent to avoid the claims of their creditors. *See* 11 U.S.C. §§ 548(a)(1)(A) & 550(a); *see also Greene v. Greene (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009) (bankruptcy judge's findings of facts are accepted unless "the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge").

The bankruptcy court properly granted summary judgment as to the trustee's claim regarding the $50,000 that the debtors transferred to the parents within two years before commencing the bankruptcy proceedings because the court found that

the debtors did not receive a reasonably equivalent value for the transfer. *See* 11 U.S.C. § 548(a)(1)(B); *Frontier Bank v. Brown (In re N. Merch., Inc.)*, 371 F.3d 1056, 1059 (9th Cir. 2004) (explaining reasonably equivalent value and the net effect of the transaction on the debtors' estate).

The bankruptcy court properly granted summary judgment as to the trustee's claim regarding the transfer of the car because the court found that the car was non-exempt property transferred by the debtors to the parents after commencing the bankruptcy proceedings and without the authorization of the bankruptcy court. *See* 11 U.S.C. § 549(a); *Mora v. Vasquez (In re Mora)*, 199 F.3d 1024, 1026 (9th Cir. 1999) (explaining that under § 549, the trustee must show that a transfer occurred after the filing of the bankruptcy petition and that the transfer was not authorized by either the bankruptcy court or the bankruptcy code).

We reject appellants' contentions that we should consider the arguments of non-party Jacob Nauman and that the trustee unjustly received the benefit of the net proceeds from the real property.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-15466